```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**KATRINA WHITT and**
**IKIE ESTEPP,**

    **Plaintiffs,**

**v.**                              **CIVIL ACTION NO. 2:09-0707**

**JOHN DOE and FEARLESS**
**LEASING, INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss plaintiffs' claim for loss of consortium. (Doc. No. 3.) For the reasons set forth below, the court grants the motion.

### I. Background

Plaintiffs Katrina Whitt and Ikie Estepp initiated this action in the Circuit Court of Mingo County, West Virginia, on May 8, 2009. (Doc. No. 1 Ex. 1.) Ms. Whitt alleges injuries arising from an October 8, 2007, automobile accident near Taylorville, West Virginia, in Mingo County. (Id.) She alleges that defendant John Doe, an employee of defendant Fearless Leasing, Inc. ("Fearless"), operated his company truck negligently, carelessly, and recklessly such that it caused a large oil spill on Route 65 near Taylorville. (Id.) When Ms. Whitt's vehicle came into contact with the oil spill, the complaint alleges, her vehicle spun out of control and struck the

ditch, causing "extensive damage" to the vehicle and to Ms. Whitt. (Id.)

Whitt alleges that she suffers severe and permanent injuries to her person, and that she has incurred and will continue to incur medical expenses as a result. (Id.) She further alleges that she suffers from mental and physical pain and suffering and impairment in her ability to work and to enjoy life in general, including a "loss of consortium with her companion, Ikie Estepp." (Id.) The complaint continues, "The Plaintiff, Katrina Whitt, has suffered great sorrow and mental anguish concerning the impairment of the relationship between her and her companion" as a result of the alleged injuries inflicted upon her by the defendants. (Id.) The complaint does not appear to allege any claims – including one for loss of consortium – on behalf of Ikie Estepp.

Defendants removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. No. 1.) At the same time, they filed the instant motion to dismiss the loss of consortium claim on the basis that such claims apply only to married couples. (Doc. No. 3.) Plaintiffs have made no response to the motion, which is ripe for disposition.

## II.  Standard of Review

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.  As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" Lainer v. Norfolk S. Corp., No. 06-1986, 2007 U.S. App. LEXIS 28253, at *3 (4th Cir. Dec. 5, 2007) (quoting Twombly, 127 S. Ct. at 1974).

## III.  Analysis

Under West Virginia law,[1] "[c]onsortium is a right, arising from the marital union, to have performance by a spouse of all

---

[1] Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 78 (1938), the court has applied state substantive law.

the duties and obligations assumed by the marriage relationship, including the right to society, companionship and services." Poling v. Motorists Mut. Ins. Co., 450 S.E.2d 635, 638 (W. Va. 1994)(citing King v. Bittinger, 231 S.E.2d 239 (W. Va. 1976)). Although at common law a claim for loss of consortium accrued to a husband with respect to his injured wife, it is now clearly established that a wife whose husband has been injured by a tortfeasor may also be entitled to consortium damages.[2] King v. Bittinger, 231 S.E.2d 239, 243-44 (W. Va. 1976).

The instant complaint alleges that Whitt and Estepp are "companions" and that they reside together, but it makes no allegation as to their marital status. (See Doc. No. 1 Ex. 1.) As such, the consortium claim must fail. Furthermore, the complaint appears to allege the right to consortium damages on behalf of Ms. Whitt, rather than Mr. Estepp. (Id. at ¶ 8 ("[T]he Plaintiff, Katrina Whitt has suffered a loss of consortium with her companion, Ikie Estepp. . . . The Plaintiff, Katrina Whitt, has suffered great sorrow and mental anguish concerning the impairment of the relationship between her and her companion . . . .").) Loss of consortium, however, is a claim held by the spouse of the primary injured party, rather than by the injured

---

[2] West Virginia also recognizes a right of parental consortium held by a child with respect to "the intangible benefits of the companionship, comfort, guidance, affection and aid of the parent." Belcher v. Goins, 400 S.E.2d 830, 834 (W. Va. 1990).

party, herself.  See Poling, 450 S.E.2d at 638 ("[E]ither spouse may be entitled to consortium damages if *the other* is injured by a tortfeasor.")(emphasis added).  For this additional reason, the claim must be dismissed.

## IV. Conclusion

Plaintiffs having failed to state a claim upon which relief may be granted for loss of consortium, the court **GRANTS** defendants' partial motion to dismiss.  (Doc. No. 3.)  Because it appears to the court that no claims are asserted in this matter by plaintiff Ikie Estepp, plaintiffs are **DIRECTED** to submit no later than November 30, 2009, any objections they may have to Mr. Estepp's termination from this action.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 16th day of November, 2009.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge